IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. GOODLOW,<br><br>    Plaintiff(s),<br><br>  vs.<br><br>RICHARD STEWART, M.D., et al.,<br><br>    Defendant(s). | No. C 09-5053 CRB (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

      Plaintiff, a prisoner at the Correctional Training Facility (CTF), has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that medical staff at CTF were deliberately indifferent to his serious medical needs.

**DISCUSSION**

A.    Standard of Review

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff attaches copies of inmate grievances and other documents to his complaint suggesting numerous issues with the medical care and treatment he received between August 2008 and April 2009. But in the statement of claims in his actual complaint he alleges little more than conclusory statements to the effect that the named defendants were deliberately indifferent to his medical needs.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A mere difference of opinion between a prisoner-patient and prison medical authorities regarding treatment is not enough to state a claim for deliberate indifference under § 1983. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff will be afforded an opportunity to amend to allege specific facts showing deliberate indifference to serious medical needs, if possible. He must also allege specific facts showing how each named defendant actually and proximately caused the deprivation of the federally protected right of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Conclusory allegations will not do. See id.

/

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:   03/19/10

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Goodlow, K1.dwlta.wpd