IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. GOODLOW, | )<br>) |
| Plaintiff(s), | )<br>) No. C 09-5053 CRB (PR) |
| vs. | )<br>) ORDER OF DISMISSAL |
| RICHARD STEWART, M.D., et al., | )<br>) |
| Defendant(s). | )<br>) |

Plaintiff, a prisoner at the Correctional Training Facility (CTF), filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging in a conclusory fashion that medical staff at CTF were deliberately indifferent to his serious medical needs.

Per order filed on March 19, 2010, the court dismissed the complaint with leave to amend to allege specific facts showing deliberate indifference to serious medical needs, if possible.  The court explained that a prison official is deliberately indifferent only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Mar. 19, 2010 Order at 2 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  The court further explained that plaintiff must "allege specific facts showing how each named defendant actually and proximately caused the deprivation of the federally protected right of which he complains." Id. (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)).

Plaintiff has filed a First Amended Complaint (FAC) alleging that on March 10, 2009 his cellmate found him in a nonresponsive condition and notified unit officers. Plaintiff was taken to the prison clinic, where Dr. Bright examined him and had him transported to Natividad Medical Center (NMC). Emergency lab worked showed that plaintiff's glucose level had risen to an abnormally high level and he was admitted and treated at NMC.

Plaintiff claims that his diabetic coma was caused by CTF's nursing staff's misdiagnosis of his condition. He alleges that he saw nursing staff several times before March 10, 2009 complaining of diarrhea, nausea and/or vomiting. They diagnosed him as suffering from "the Neru Virus" and treated him accordingly, giving him Pepto Bismol and anti-nausea medication, and administering intravenous saline solution and recommending lots of fluids and bed rest.

The nursing staff's alleged misdiagnosis and ineffective treatment of plaintiff's medical condition may have amounted to medical malpractice or negligence, but not deliberate indifference. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (negligence in diagnosing or treating a medical condition does not violate a prisoner's 8th Amendment rights) ), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Plaintiff may pursue a medical malpractice or negligence claim in the state courts under California law, but not here under § 1983. It is well-established that a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).

Plaintiff also alleges that the nursing staff has been deliberately indifferent to his serious medical needs because they have not facilitated a colon exam and

1  MRI Dr. Stewart ordered after examining him on December 29, 2009.  But such
2  claim must be dismissed without prejudice because plaintiff could not have
3  exhausted available administrative remedies as to the claim before he filed this
4  action on October 23, 2009.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th
5  Cir. 2002) (action must be dismissed unless prisoner exhausted available
6  administrative remedies before he filed suit, even if prisoner fully exhausts while
7  suit is pending); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir.
8  2006) (where administrative remedies are not exhausted before prisoner sends
9  complaint to court, action will be dismissed even if exhaustion is completed by
10 the time complaint is actually filed).

11     For the foregoing reasons, this action is DISMISSED under the authority
12 of 28 U.S.C. § 1915A(b).  The clerk is instructed to enter judgment in
13 accordance with this order and close the file.

14 SO ORDERED.

15 DATED:  May 6, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Goodlow, K1.dismissal.wpd